[Cite as *State v. Robinson*, 2026-Ohio-2707.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CODY S. ROBINSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 26 NO 0534**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 225-2077

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jordan C. Croucher,* Noble County Prosecutor, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich,* Roth, Blair, for Defendant-Appellant.

Dated: July 15, 2026

**DICKEY, J.**

{¶1} Appellant, Cody S. Robinson, appeals from the December 11, 2025 judgment of the Noble County Court of Common Pleas sentencing him to a total indefinite term of five years (minimum) to seven and one-half years (maximum) in prison for pandering obscenity involving a minor or impaired person, attempted pandering obscenity involving a minor or impaired person, and falsification and labeling him a Tier II sex offender following a guilty plea. On appeal, Appellant takes issue with his indefinite sentence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On June 10, 2025, Appellant was indicted by the Noble County Grand Jury on ten counts: count one, pandering obscenity involving a minor or impaired person, a felony of the second degree in violation of R.C. 2907.321(A)(2) and (C), with a specification for forfeiture of property under R.C. 2941.1417(A); counts two and three, attempted pandering obscenity involving a minor or impaired person, felonies of the third degree in violation of R.C. 2923.02, 2907.321(A)(1) and (C), with specifications for forfeiture of property under R.C. 2941.1417(A); counts four and five, pandering obscenity involving a minor or impaired person, felonies of the fourth degree in violation of R.C. 2907.321(A)(5) and (C), with specifications for forfeiture of property under R.C. 2941.1417(A); counts six and seven, pandering sexually-oriented matter involving a minor or impaired person, felonies of the fourth degree in violation of R.C. 2907.322(A)(5) and (C), with specifications for forfeiture of property under R.C. 2941.1417(A); counts eight and nine, illegal use of a minor or impaired person in nudity-oriented material or performance, felonies of the fifth degree in violation of R.C. 2907.323(A)(3) and (B), with specifications for forfeiture of property under R.C. 2941.1417(A); and count ten, falsification, a misdemeanor of the first degree in violation of R.C. 2921.13(A)(3) and (F)(1).

{¶3} The foregoing charges stem from an investigation conducted by the Noble County Sheriff's Department after it was made aware of a case from the Cuyahoga County branch of Internet Crimes Against Children. Specifically, the Sheriff's Department

Case No. 26 NO 0534

was notified with respect to an investigation involving the possession and dissemination of a video file of child pornography from January 19, 2025 with a nexus to Noble County.

{¶4} Thereafter, a subsequent investigation was conducted. It revealed that Appellant, a preacher for a local Baptist church, had downloaded and disseminated a video of a pubescent female juvenile wearing a bikini. The pubescent female juvenile had recorded herself in a bathroom performing sexually explicit actions, including playing with her breasts, exposing her vagina and anus, and inserting her fingers into her vaginal and anal cavities. It was further revealed that Appellant was in possession of, and attempted to disseminate to multiple locations, a video file of a pre-pubescent female juvenile wearing a training bra and underwear. The pre-pubescent female juvenile had removed her underwear, exposed her vagina, and performed a sexual act on herself by inserting an object into her vagina. The content was linked to Appellant's email address and Dropbox account. The content was managed through an IP address for the bible camp that Appellant managed as part of his duties for the church.

{¶5} On June 12, 2025, Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶6} Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio. A change of plea hearing was held on October 29, 2025. Appellant withdrew his former not guilty plea and entered a guilty plea to all counts and specifications as contained in the indictment. The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and deferred sentencing.

{¶7} A sentencing hearing was held on December 10, 2025. The parties were heard as to their respective positions regarding sentencing and a psychosexual evaluation report was provided to the trial court. Appellant was given an opportunity to speak on his own behalf and also called his mother to testify for purposes of allocution. The parties agreed that counts four through nine all merge with counts one through three. The parties further agreed that counts one, two, three, and ten do not merge. With respect to the merged offenses, the State elected to proceed with sentencing on counts one, two, and three. The court considered the record, the oral statement, NCIC and criminal history reports, the purposes and principles of sentencing under R.C. 2929.11, the seriousness

and recidivism factors under R.C. 2929.12, the factors under R.C. 2929.13, 2929.14, and 2929.15, as well as the need for deterrence, incapacitation, rehabilitation, and restitution.

{¶8} On December 11, 2025, the trial court sentenced Appellant as follows: on count one, five years (minimum) to seven and one-half years (maximum) in prison; on count two, 30 months in prison; on count three, 30 months in prison; and on count ten, court costs only. Appellant's sentence was ordered to be served concurrently for a total indefinite prison term of five years (minimum) to seven and one-half years (maximum) in prison. The court designated Appellant as a Tier II sex offender. Appellant was given 208 days of jail-time credit. The court notified Appellant that upon completion of his prison term, he may be subject to a further period of supervision while under post-release control for a period of five years.

{¶9} Appellant filed this appeal and raises a single assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, BY ISSUING AN INDETERMINATE SENTENCE IN THE AGGREGATE OF A MINIMUM OF 5 YEARS AND A MAXIMUM OF 7 AND 1/2 YEARS, POST-RELEASE CONTROL, PLUS FINES AND COSTS.**

{¶10} In his sole assignment of error, Appellant argues the trial court erred in issuing an indefinite sentence of five years (minimum) to seven and one-half years (maximum) in prison. Appellant essentially believes the court erred in finding that he had not overcome the presumption in favor of prison at his sentencing hearing. Appellant stresses he "had no prior convictions or adjudications, strong family support, and was at average risk of recidivism." (2/26/2026 Appellant's Brief, p. 7).

{¶11} Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

Case No. 26 NO 0534

**{¶12}** This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶13}** R.C. 2953.08(G) states in pertinent part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶14}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶15}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender . . . using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim,

and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶16} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 2017-Ohio-1259, ¶ 36 (7th Dist.).

{¶17} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 2019-Ohio-2711, ¶ 16 (7th Dist.).

{¶18} In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio indicated that the language in *Marcum* is dicta. *Id.* at ¶ 27 ("The statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under

R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding.") In *Jones,* the Court held that "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29; *see also State v. Dorsey*, 2021-Ohio-76, ¶ 17 (2d Dist.).

{¶19} Pursuant to *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts shall no longer analyze whether those sentences are unsupported by the record. Rather, we simply must determine whether those sentences are contrary to law. *See Dorsey* at ¶ 18.

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*Burkhart*, 2019-Ohio-2711, at ¶ 12 (7th Dist.).

{¶20} In this case, Appellant asserts the trial court erred in finding that he had not overcome the presumption in favor of prison at his sentencing hearing. We disagree.

{¶21} Under R.C. 2929.13(D)(1), there is a presumption in favor of a prison term in this case, i.e., for count one, pandering obscenity involving a minor or impaired person, a felony of the second degree. As such, it is presumed that a prison term is necessary in order to comply with the principles and purposes of sentencing under R.C. 2929.11. Notwithstanding that presumption, R.C. 2929.13(D)(2) provides that the trial court may

impose community control or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree in which prison is presumed, but it must make both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2).

{¶22} Appellant fails both prongs necessary to rebut the presumption of prison under R.C. 2929.13(D)(2). Not only did the trial court not find both of the required findings, it found the exact opposite. In the court's imposition of sentence, it stated the following at the sentencing hearing:

> So, the court finds or court has considered all the factors set forth in 2929.11, 2929.12, 2929.13, 2929.14, 2929.15, and all other matters pertinent to sentencing.

> The court finds that a prison sentence is the most effective way to comply with the purposes and principles of sentencing. A prison sentence is reasonably necessary to punish the defendant, deter, rehabilitate, and

incapacitate the defendant, and to protect the public from future crime, and it would not place an unnecessary burden on governmental resources.

Court finds the defendant is not presently amenable to community control sanctions or a combination thereof, and that community control sanctions would in fact demean the seriousness of these offenses.

Also, the court finds that community control would not adequately protect the public from future crime by the defendant for all the reasons stated.

(12/10/2025 Sentencing Hearing Tr., p. 36-37).

{¶23} The trial court made a similar pronouncement in its sentencing entry, specifically stating:

The defendant was afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, the record of proceedings, the oral statement at the sentencing hearing, NCIC and criminal history reports, and the purposes and principles of sentencing under R.C. 292[9].11, the seriousness and recidivism factors relevant to the offense and the offender, pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.

. . .

[T]he Court finds that certain factors apply to the defendant as follows:

- The defendant has not previously been adjudicated delinquent as a juvenile or been convicted in adult court

- The defendant shows genuine remorse and a desire to change his behavior

Case No. 26 NO 0534

- The offender's occupation obliged the offender to prevent the offense or to bring those committing it to justice

- The offender's occupation is likely to influence others' conduct

- The injury is exacerbated by the age of the victim

- The victim suffered serious psychological harm

A prison sentence is the most effective way to comply with the purposes and principles because a prison sentence is reasonably necessary to punish the defendant, to deter, rehabilitate, and incapacitate the defendant in order to protect the public from future crimes, and would not place an unnecessary burden on governmental resources;

The defendant is not presently amenable to community control sanctions, or a combination, such sanctions would demean the seriousness of the offense, and would not adequately protect the public from future crimes by the defendant;

The Court finds that community control sanctions or a combination of them would not adequately punish the offender and protect the public from future crime and the imposition of community control sanctions would demean the seriousness of the offense;

. . .

The Court finds that a prison term is appropriate.

(12/11/2025 Sentencing Entry, p. 1-4).

{¶24} The record in this case does not reflect that the trial court erred in sentencing Appellant to a prison term as he fails both prongs of the analysis to rebut the presumption of prison as contained in R.C. 2929.13(D)(2). The court also gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of

felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶25}** In addition, following a merger analysis, Appellant was convicted of and received a concurrent sentence for one felony of the second degree, two felonies of the third degree, and one misdemeanor of the first degree. The trial court imposed an indefinite five year (minimum) to seven and one-half years (maximum) sentence on count one, pandering obscenity involving a minor or impaired person, a felony of the second degree in violation of R.C. 2907.321(A)(2) and (C), following his guilty plea. Appellant's sentence is within the statutory range for the second degree felony offense. R.C. 2929.14(A)(2)(a) ("For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code"); R.C. 2929.144(B)(3) ("If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.") Also, the record reveals the court properly advised Appellant regarding post-release control.

**{¶26}** Accordingly, because Appellant did not overcome the presumption in favor of a prison term, the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, and because Appellant's indefinite prison sentence of five years (minimum) to seven and one-half years (maximum) is within the authorized statutory range for a second-degree felony, his sentence is not contrary to law. *See* R.C. 2953.08(G).

Case No. 26 NO 0534

**CONCLUSION**

{¶27} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The December 11, 2025 judgment of the Noble County Court of Common Pleas sentencing Appellant to a total indefinite term of five years (minimum) to seven and one-half years (maximum) in prison for pandering obscenity involving a minor or impaired person, attempted pandering obscenity involving a minor or impaired person, and falsification and labeling him a Tier II sex offender following a guilty plea is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

[Cite as *State v. Robinson*, 2026-Ohio-2707.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**